UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JAMES MICHAEL WHITE,

Plaintiff,

v.

BRADLY KRATZ, *et al.*,

Defendants.

Case No. 3:25-CV-00227-ART-CLB

**ORDER DENYING MOTIONS TO EXTEND TIME AND FOR APPOINTMENT OF COUNSEL**

[ECF. Nos. 22, 23]

Pending before the Court are two motions filed by Plaintiff James Michael White: 1) motion to extend time, (ECF No. 22); and 2) motion for appointment of counsel, (ECF No. 23). The Court will address each motion in turn.

## I. MOTION TO EXTEND TIME

First, Plaintiff moves for an extension of the deadline to serve the defendants. (ECF No. 22.) Plaintiff seeks this extension to serve the "John Doe" and/or "Jane Doe" defendants. However, until Plaintiff properly substitutes the true names of these Doe defendants, the deadline to serve these defendants does not begin to run. In other words, the current deadline to serve the defendants does not apply to the Doe defendants. Accordingly, Plaintiff's motion, (ECF No. 22), is premature and is therefore **DENIED**.

## II. MOTION FOR APPOINTMENT OF COUNSEL

The Court next turns to Plaintiff's motion for appointment of counsel. There is no constitutional right to appointed counsel in a § 1983 action. *E.g., Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *opinion reinstated in pertinent part*, 154 F.3d 952, 954 n.1 (9th Cir. 1998) (en banc). The provision in 28 U.S.C. §1915(e)(1) gives the court discretion to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see, e.g., Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1998) (en banc.) While the decision to request counsel lies within the discretion of the district court, the court may exercise this discretion to request counsel only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

A finding of "exceptional circumstances" requires the court to evaluate (1) the plaintiff's likelihood of success on the merits; and (2) the plaintiff's ability to articulate his claims *pro se* considering the complexity of the legal issues involved. *Id.* (quoting *Wilborn*, 789 F.2d at 1331) (internal quotation marks omitted). Neither factor is dispositive, and both factors must be considered before a court decides. *Id.* The difficulties every litigant faces when proceeding *pro se* does not qualify as an exceptional circumstance. *Wood v. Housewright*, 900 F. 2d 1332, 1335-36 (9th Cir. 1990). While almost any *pro se* litigant would benefit from the assistance of competent counsel, such a benefit does not rise to the level of "exceptional circumstances." *Rand*, 113 F.3d at 1525. Rather, the plaintiff must demonstrate that he is unable to articulate his claims due to their complexity. *Id.*

Having reviewed the motion for counsel, the Court finds Plaintiff has failed to establish exceptional circumstances exist in this case that would warrant the appointment of counsel. First, Plaintiff fails to address whether he is likely to succeed on the merits of his claims. Rather, he simply states that, without explanation, that his "allegations if proven clearly establish constitutional violation." (ECF No. 23 at 7.) This conclusory allegation is not sufficient to establish that he is likely to succeed on the merits.

However, even if the Court assumes that he is likely to succeed on the merits, Plaintiff has also failed to establish that he is unable to articulate his claims due to their complexity. Rather, Plaintiff simply asserts he is unable to afford counsel, the issues in this case are "complex," and his attempts to obtain counsel have been unsuccessful. (*Id.* at 1.) However, these conclusory allegations do not establish that exceptional circumstances exist. To the contrary, the circumstances described by Plaintiff's motion are not exceptional as compared to many other prisoner civil rights cases. Virtually **all** *pro se* inmate litigants cannot afford counsel, face some difficulties litigating their cases due to their incarceration, have limited access to legal materials, and the like. Moreover, despite these issues, the Court finds that Plaintiff has been able to articulate his claims

thus far and this case is no more complex than other inmate civil rights cases before this Court involving similar issues. For all these reasons, Plaintiff has not demonstrated exceptional circumstances exist in this case and the Court **DENIES** the motion. (ECF No. 23.)

**IT IS SO ORDERED.**

**DATED**: November 13, 2026

**UNITED STATES MAGISTRATE JUDGE**